UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARPAL SINGH KACHUR,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-03362-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S PENDING MOTION AS MOOT, AND DENYING RESPONDENTS' MOTION TO DISMISS

(Doc. Nos. 1, 2, 7)

On May 1, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On May 1, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided.  (Doc. No. 4.)  In addition, the court directed that if respondents opposed this court ruling on the underlying petition, respondents were to so indicate and provide substantive reasons in support of that opposition.  (*Id*.)

/////

1

On May 2, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents do not address whether they oppose this court ruling on the merits of the petition based on the briefing now before the court and, pursuant to the court's prior order (Doc. No. 4), the court will therefore address the underlying merits of the petition.

On May 4, 2026, respondents filed a notice of related cases and motion to dismiss petitioner's duplicate habeas action.  (Doc. No. 7.)  In that motion, respondents first provide the case number and name of petitioner's prior petition which was filed in the United States District Court for the Western District of New York, *Kachur v. Freden*, No. 1:26-cv-00169-JLS.  (*Id.* at 1; *see also* Doc. No. 1 at ¶ 26.)  Respondents argue that this action ought to be dismissed because it is "duplicative" of the prior action in the Western District of New York.  (Doc. No. 7 at 2.)  However, a review of the docket in that other action reveals that it was closed on March 3, 2026 when that district court denied the petition before it.  *See Kachur*, No. 1:26-cv-00169-JLS, Doc. No. 12 (Mar. 3, 2026).  Though respondents are correct that petitioner does not have a "right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant," there is no other pending petition before another court at this time.  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *see also Hartsel Springs Ranch of Col., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (describing the duplicative action doctrine as applying where there is a parallel action pending in another federal court).  Assuming that petitioner states the same claims for relief in the present action as in the prior

/////

/////

/////

/////

2

petition, because the prior petition is no longer pending, the appropriate inquiry is instead whether the instant petition is barred as a successive petition.[1]

Because petitioner is currently detained prior to the completion of his pending removal proceedings, he is not confined "pursuant to a judgment of a court of the United States" such that 8 U.S.C. § 2244(a) would bar a successive petition. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (holding that 8 U.S.C. § 2244(a) does not bar successive habeas petitions which are properly filed pursuant to 8 U.S.C. § 2241). However, the Ninth Circuit has recognized that certain common law doctrines such as abuse of the writ or law of the case may also serve as a bar to successive habeas petitions. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Still, "[t]he government bears the burden of pleading abuse of the writ." *Id.* Respondents have failed to meet that burden here. (*See* Doc. No. 7 at 2.) The law of the case doctrine requires that "a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial." *Alaimalo*, 645 F.3d at 1049. The Ninth Circuit has not decided whether the law of the case doctrine applies to successive habeas petitions. *Id.* at 1049–50 ("Ultimately, we need not resolve whether the law of the case applies to successive petitions for habeas relief under § 2241."). Even if that doctrine did apply, the undersigned would conclude that intervening controlling authority within the Second Circuit renders reconsideration of the earlier decision of the Western District of New York appropriate. *Compare Kachur*, No. 1:26-cv-00169-JLS, Doc. No. 12 at 2–3 (concluding that the petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) as an "applicant for admission" who is "seeking admission" because the petitioner was present in the United States without prior admission and was subject to removal proceedings), *with Cunha v. Freden*, — F. 4th —, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026) (rejecting the

---

[1] Petitioner argues in his motion for temporary restraining order that he has raised distinct issues in the instant petition, specifically his re-detention being unconstitutional without a pre-deprivation hearing and prolonged detention. (Doc. No. 2 at 15–16.) The court need not determine whether he has raised new issues in the instant petition because it concludes that the petition would not be barred as a successive petition otherwise.

government's position that all persons who entered the United States unlawfully and are present are "applicants for admission" who are "seeking admission" as being contrary to the text of 8 U.S.C. § 1225 and the structure of the INA).  Therefore, the court concludes that consideration of petitioner's pending petition before this court would not be barred as successive even assuming that it does assert the same bases for relief as his prior petition filed in the Western District of New York.  Accordingly, respondents' motion to dismiss the pending petition as duplicative will be denied.

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States on or about March 31, 2023 and shortly thereafter was encountered by immigration authorities.  (Doc. No. 1 at ¶ 18.)  On April 3, 2023, petitioner was released from immigration custody on his own recognizance pursuant to conditions.  (*Id.* at ¶ 20.)  On October 6, 2025, petitioner was re-detained by immigration authorities.  (*Id.* at ¶ 21.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.    Respondents are ORDERED to immediately release petitioner Alexander Harpal Singh Kachur, A-File No. 241-033-141, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on October 6, 2025;

   b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that

4

petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3.      Respondents' motion to dismiss (Doc. No. 7) is DENIED;

4.      The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

5.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 5, 2026**                           _____

                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE